Village of Fredonia, Appellant, v. Fredonia Natural Gas Light Company and Others, Respondents.— Order reversed, with ten dollars costs and disbursements, and motion to vacate the injunction denied, with ten dollars costs, with leave to renew at Special Term the motion to vacate the injunction in case plaintiff neglects to proceed with due diligence to the trial of the action. Held, that there is sufficient doubt as to the law and facts involved, respecting the right of the defendant to lay its pipes as proposed, to require the reinstatement of the preliminary injunction until the hearing and determination of the action. All concurred, except Robson, J., who dissented, and voted for affirmance; Lambert, J., not sitting.

Thomas H. Forster, Plaintiff, v. William H. H. Osborne, Defendant.— Defendant's exceptions overruled, motion for new trial denied, with costs, and judgment directed for the plaintiff upon the verdict, with costs. All concurred.

Henry Goldstein, Respondent, v. Jacob Laufer, Appellant.— Interlocutory judgment affirmed, with costs. All concurred.

Matilda G. Mallon, as Administratrix, etc., Respondent, v. Lackawanna Steel Company, Appellant.— Judgment and order affirmed, with costs. All concurred.

The Dwelle-Kaiser Company, Respondent, v. H. P. Sickels Company, Appellant.— Judgment and order affirmed, with costs. All concurred.

Charles H. Brown, Plaintiff, v. Protected Home Circle, Defendant.— Plaintiff's exceptions sustained and motion for new trial granted, with costs to plaintiff to abide event. Held, that the nonsuit was improperly granted; that the evidence presented questions of fact which should have been submitted to the jury as to payment and acceptance by defendant of dues after the expiration of the payment period, and defendant's waiver of the forfeiture and reinstatement clauses of the certificate. All concurred, except Kruse, P. J., and Foote, J., who dissented.

John V. Ritts, Respondent, v. Buffalo and Williamsville Electric Railway Company, Appellant.— Judgment affirmed, with costs. All concurred, except Foote, J., who dissented upon the ground that plaintiff does not own the fee of the land in the highway. The title of his grantor, Thayer, extended only to its north line.

Norris Morey and Others, Respondents, v. Casper Schuster and Others, Appellants.— Motion granted, amending order of reversal of December 23, 1913, so as to allow to appellants costs of the action accruing before notice of trial.

Crocker-Wheeler Company, Appellant, v. Genesee Recreation Company, Respondent.— Motion for reargument granted; reargument to be heard on the 11th day of March, 1914.

Sanitary Carpet Cleaner, Respondent, v. Reed Manufacturing Company, Appellant.— Motion granted, amending order of reversal of December 23, 1913, so as to direct final judgment in favor of defendant, instead of granting a new trial.